FILED

2006 Aug-15  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

KIMBERLY TAYLOR,      ]

     ]

     **Plaintiff,**      ]

v.      ]

     ]      **Case No. 05-BE-1950-E**

JACKSONVILLE STATE      ]

UNIVERSITY, DEBRA DEERING,      ]

AND SONJA MCABEE,      ]

     ]

     **Defendants.**      ]

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendants' Motion for Summary Judgment (doc. 23), which has been fully briefed by both sides. For the reasons set forth in this Memorandum Opinion, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

Plaintiff's Complaint alleges claims for pregnancy discrimination under 42 U.S.C. § 1983 and Title VII.[1] Defendants Jacksonville State University ("JSU"), Deering, and McAbee filed a Motion for Summary Judgment on May 23, 2006. Plaintiff filed a Response to Defendants' Motion on June 14, 2006. On that same day, Plaintiff filed a Motion to Dismiss Defendants

---

[1] Under the "jurisdiction" heading in the Complaint, Plaintiff states that this case is a suit for "gender discrimination." Additionally, Plaintiff alleges that after she was fired, her position was filled by a male. However, under the "causes of action" heading in her Complaint, Plaintiff specifies, under Counts One and Two, that her rights were violated when JSU "terminat[ed] her employment *because of her pregnancy*." *See* doc. 1, ¶¶ 19, 22 (emphasis added). Moreover, Plaintiff's Response contains numerous arguments referring to her pregnancy, as opposed to her gender, as the basis for Defendant's alleged unlawful conduct. *See* doc. 30, pp. 21, 26 & 27. Accordingly, the court construes Plaintiff's claims as claims for pregnancy discrimination.

Deering and McAbee.  The court dismissed Deering and McAbee from this case with prejudice, leaving JSU as the sole remaining Defendant.

Jacksonville State University is an undergraduate institution located in Jacksonville, Alabama.  Debra Deering was the supervisor of library user services at JSU, and was Plaintiff's supervisor during Plaintiff's employment.  Sonja McAbee was the head of library services, and was Deering's supervisor during Plaintiff's employment.  Deering and McAbee are female, and both went through pregnancies while employed at JSU.

Plaintiff Kimberlee Taylor is a female resident of Oxford, Alabama.  On December 20, 2004, she was hired by JSU as a probationary staff employee at the university library as a circulation assistant.  At the time she interviewed for this job, and at the time she began work, Plaintiff was pregnant.  When Plaintiff was hired, neither Deering nor McAbee knew Plaintiff was pregnant.

On March 11, 2005, less than three months into Plaintiff's probationary period, JSU terminated Plaintiff's employment.  JSU contends, and Plaintiff disputes, that Plaintiff was fired because of (1) tardiness; (2) having unauthorized visitors at work; (3) making personal telephone calls at work; and (4) having a poor attitude.  Plaintiff argues that she was fired because she informed her supervisors that she intended to take maternity leave; and, accordingly, her supervisors realized that they would have to cover for her absence while she was on leave.

On May 3, 2005, Plaintiff and JSU participated in a hearing regarding JSU's appeal of an award for unemployment benefits to Plaintiff.  Pursuant to that hearing, which was conducted by a representative from Alabama's Department of Industrial Relations, the state agency determined that (1) the evidence was "insufficient to support a finding that the claimant committed any

deliberate or willful act of misconduct...”; and (2) Plaintiff was “eligible for benefits.”[2]

Subsequently, after complying with the applicable EEOC prerequisites, Plaintiff filed this lawsuit

on September 19, 2005.

## STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of

material fact are present.  *See* Fed. R. Civ. P. 56.  A court must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to

judgment as a matter of law.  *Id.*

The moving party “always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of the ‘pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,’ which it believes

demonstrate the absence of a genuine issue of material fact.”  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The movant can meet this burden by offering

evidence showing no dispute of material fact, or by showing that the nonmoving party’s evidence

fails to meet some element of its case on which it bears the ultimate burden of proof.  *Celotex*,

477 U.S. at 322-23.  Once the movant meets this burden, Rule 56(e) “requires the nonmoving

party to go beyond the pleadings and by [its] own affidavits, or by the ‘depositions, answers to

interrogatories, and admissions on file,’ designate ‘specific facts showing that there is a genuine

issue for trial.’”  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The responding party does not need

to present evidence in a form admissible at trial; “however, he may not merely rest on [his]

---

[2]*See* doc. 29, attachment to Taylor Decl., Decision on Unemployment Compensation
Claim, mailed on May 12, 2005.

pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference."  *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

## DISCUSSION

### I. Eleventh Amendment immunity.

JSU states that the Eleventh Amendment to the United States Constitution bars Plaintiff's Title VII and § 1983 claims.  Plaintiff does not address JSU's Eleventh amendment argument in her Response.

JSU is a state university.  *See* Ala. Code. § 16-52-1 *et seq.*, (1975).  In Alabama, a state university is a state agent for Eleventh Amendment immunity purposes.  *See Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985).  The Eleventh Circuit has held that the Eleventh Amendment bars § 1983 claims against a state agent where the state does not waive its immunity. *See Williams v. Board of Regents of the University System of Georgia*, 441 F.3d 1287, 1303 (11th Cir. 2006).  In this case, no evidence exists that Alabama has waived its Eleventh Amendment immunity for § 1983 claims.  Consequently, the court finds that JSU is immune from Plaintiff's

§ 1983 claim; and, therefore, JSU is entitled to summary judgment on that claim.  However, the Eleventh Amendment does not bar Plaintiff's Title VII action.  *See Allen v. Alabama State Bd. of Educ.*, 816 F.2d 575, 577 (11th Cir. 1987) ("in civil actions invoking Title VII, state defendants lack eleventh amendment protection....")

**II.  Preclusion.**

Plaintiff contends that, pursuant to the Decision on Unemployment Compensation Claim issued by Alabama's Department of Industrial Relations, the question of whether (1) she had visitors at work after being warned not to; and (2) whether she was ever tardy is preclusively decided in her favor.  The court recognizes that, under certain circumstances, a state agency's findings of fact might have *some* preclusive effect in federal court.  *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798 (1986) ("when a state agency 'acting in a judicial capacity...resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate'...federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts") (internal citation omitted).  However, this rule only applies to § 1983 claims, not to Title VII claims.  *See Id*; *see also Bishop v. Birmingham Police Dept.*, 361 F.3d 607, 610 (11th Cir. 2004) (noting that a state administrative agency's findings are entitled to preclusive effect in § 1983 claims, but not in a Title VII proceeding unless it is rendered or reviewed by a court.)  As stated previously in this Memorandum Opinion, JSU is immune from Plaintiff's § 1983 claim.  Further, no evidence exists that the Decision was reviewed by any court.  Accordingly, the Decision's findings of fact have no preclusive effect on Plaintiff's Title VII claim.

**III.  Plaintiff's Title VII claim.**

Plaintiff's discrimination claim rests on circumstantial evidence.  Consequently, the *McDonnell Douglas* analytical framework applies.  *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case by at least a preponderance of the evidence.  *Id*. at 802.  If the plaintiff succeeds, the burden then shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action.  *Id*. at 802-03.  Provided the defendant meets this burden, the plaintiff must then show by a preponderance of the evidence that the defendant's proffered reasons were a pretext for discrimination.  *Id*. at 804.

### A.  The *prima facie* case.

In 1978, Congress amended Title VII pursuant to the Pregnancy Discrimination Act ("PDA").  *See* 42 U.S.C. § 2000e(k).  This amendment provides that discrimination "because of sex" or "on the basis of sex" includes discrimination on the basis of pregnancy, childbirth, or related medical conditions.  *Id*.  The PDA further provides that women affected by pregnancy "shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work...."  *Id*.  "Rather than introducing new substantive provisions protecting the rights of pregnant women, the PDA brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination."  *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308, 1312 (11th Cir. 1994).  Accordingly, "[t]he analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits."  *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1321 (11th Cir. 2000); *see also Armstrong*, 33 F.3d at 1312-13.

In *Armstrong*, the Eleventh Circuit articulated what is required to show a *prima facie* case of disparate treatment based on pregnancy discrimination.  33 F.3d at 1314.  The court stated that to establish a *prima facie* case of disparate treatment, a plaintiff must demonstrate (1) that she was a member of a protected class; (2) that she was qualified for her position; (3) that she suffered an adverse affect on her employment; and (4) that she suffered from differential application of work or disciplinary rules. *See Id*.

In their submissions, the parties cite different tests that Plaintiff must satisfy to establish a *prima facie* case of discrimination.  Defendant contends that the disparate treatment test for pregnancy discrimination set forth in *Armstrong* applies to this case.  Plaintiff argues that the discriminatory discharge test referenced in *Ross v. Rhodes Furniture*, 146 F.3d 1286 (11ᵗʰ Cir. 1998) applies.  That test would require Plaintiff to establish that (1) she is a member of a protected class; (2) she was qualified for the job; (3) she was discharged from the job; and (4) the position was subsequently filled by someone outside the protected class.  146 F.3d at 1290; *see also Jones v. Lumberjack Meats, Inc.*, 680 F.2d 98, 101 (11ᵗʰ Cir. 2001).  These differences are significant because in its Motion for Summary Judgment, Defendant states that Plaintiff cannot establish the fourth prong of the *Armstrong* test: specifically, that Plaintiff cannot show that she suffered from a different application of work rules as a probationary employee.  In her Response, Plaintiff does not attempt to establish the fourth prong of the *Armstrong* test because she applied a different *prima facie* test entirely.  Accordingly, if the *Armstrong* test applies, then Plaintiff failed to establish a *prima facie* case.

The court finds that *Armstrong's* disparate treatment test for pregnancy discrimination controls this case.  In the authority Plaintiff cites to support her application of the discriminatory

discharge test, the discrimination at issue was *race* discrimination – not pregnancy

discrimination.  *See Ross*, 146 F.3d at 1288; *Jones*, 680 F.2d at 100.  In contrast, the Eleventh

Circuit cases addressing situations where a pregnant plaintiff was discharged from her

employment utilize the test set forth in *Armstrong*.  *See* 33 F.3d at 1310-11 (pregnant nurse

alleged discrimination when she was terminated following her refusal to treat patients with

AIDS); *see also Spivey v. Beverly Enterprises, Inc.*, 196 F.3d 1309, 1311-12 (11th Cir. 1999)

(nurse's assistant sues for discrimination after allegedly being terminated due to a lifting

restriction imposed by her doctor during her pregnancy).[3]

Under the fourth prong of the *Armstrong* test, Plaintiff must establish that she suffered

from a differential application of work rules as a probationary employee at the JSU library.  As

stated previously, Plaintiff does not address the *Armstrong* test, except to say that it does not

apply.  Instead, Plaintiff states that "Defendants do not dispute that Taylor was a member of a

protected class, that she was qualified for her position, or that she was terminated.  Further,

defendants agree that Taylor was replaced with someone outside her protected class.

Consequently, Taylor has established a prima facie case."[4]  This statement is the entirety of

Plaintiff's argument regarding her *prima facie* case.  She devotes the rest of her argument to

showing evidence of pretext.

In contrast, Defendant offers evidence that (1) all three of the female JSU employees

_____

[3]The court in *Armstrong* and *Spivey* applied the term "disparate treatment" to the
plaintiff's claim, as opposed to "discriminatory discharge."  However, in both of those cases, the
plaintiffs alleged that they were fired because of circumstances related to their pregnancy.
Accordingly, the court does not find a distinction between the terms "disparate treatment" and
"discriminatory discharge" for purposes of applying the *Armstrong* test to this case.

[4]*See* doc. 30, p. 19.

deposed by Plaintiff in this case had children while at JSU, took maternity leave, and successfully returned to work;[5] (2) both of Plaintiff's supervisors were females who had children and took maternity leave while working at JSU;[6] and (3) the JSU library had almost twice the number of female employees than male employees.[7]  Defendant further argues that Plaintiff cannot show a comparator outside her class that was treated differently because the male employee hired to replace her was also terminated during his probationary period.[8]

The court finds that, based on the submissions, Plaintiff failed to establish a *prima facie* case of pregnancy discrimination because she failed to set forth any evidence, or argument, to satisfy the fourth prong of the *Armstrong* test for disparate treatment.  Because Plaintiff failed to establish a *prima facie* case, the court need not examine whether Defendant set forth legitimate, non-discriminatory reasons for its conduct, or whether Plaintiff established pretext.

## CONCLUSION

The court finds that the Motion for Summary Judgment is due to be **GRANTED**.  An order to this effect will be entered contemporaneously with this Memorandum Opinion.

_____DONE and ORDERED this 15th day of August, 2006.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

_____

[5]*See* David Affid., p. 2; Deering Affid., p. 1; McAbee Affid., p. 1.

[6]*See* Deering Affid., p. 1; McAbee Affid., p. 1.

[7]*See* Deering Affid., p. 2; McAbee Affid., p. 2.

[8]*See* Deering Affid., p. 3, McAbee Affid., p. 3.

9